IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02016-BNB

GERALD S. REITZ,

    Applicant,

v.

DENVER SHERIFF'S DEPARTMENT,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 29 2008

GREGORY C. LANGHAM
                CLERK

## ORDER OF DISMISSAL

Applicant, Gerald S. Reitz, currently is incarcerated at the Denver County Jail. He initiated this action by submitting to the Court *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. As part of the Court's review pursuant to D.C.COLO.LCivR 8.2, the Court determined that the habeas corpus application was deficient. Therefore, in an order filed on September 18, 2008, Magistrate Judge Boyd N. Boland directed the clerk of the Court to commence a civil action and directed Mr. Reitz to cure certain enumerated deficiencies in the case within thirty days if he wished to pursue his claims.

The September 18, 2008, order pointed out that Mr. Reitz failed either to pay the $5.00 filing fee or to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action. The order also pointed out that Mr. Reitz had named an improper Respondent in the caption to his habeas corpus application. The order directed the clerk of the Court to mail to Mr. Reitz two copies of

the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The order warned Mr. Reitz that if he failed to cure the designated deficiencies within thirty days, the application would be denied and the action dismissed without prejudice and without further notice.

On October 16, 2008, Mr. Reitz attempted to cure the deficiencies designated in the September 18, 2008, order to cure by filing an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that he signed and that named "Denver Sheriff's Department" as Respondent in the caption but that failed to assert any claims. He also filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action together with a notarized and certified copy of his trust fund account statement that names "The Sheriff of Denver County, Colorado," as Respondent.

The amended application and the action will be dismissed without prejudice for failure to cure the designated deficiencies as directed within the time allowed. Mr. Reitz clearly misunderstands that an amended application replaces the application he originally filed. Therefore, he may not rely on information supplied in an original application to support an amended application. Mr. Reitz may initiate a new and separate action, if he so chooses, by filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 that names the same Respondent as named in the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. He also must assert in the application all the claims he intends to assert in the spaces provided

on the application form. He should not rely on attachments to assert his claims. Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed without prejudice for failure to cure. It is

FURTHER ORDERED that leave to proceed pursuant to 28 U.S.C. § 1915 is denied as moot.

DATED at Denver, Colorado, this 29 day of Oct, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02016-BNB

Gerald Reitz
Prisoner No. 1584226
Denver County Jail
PO Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/29/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk